# Exhibit A

## IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

Judge : Shirley A. Green - Div. 78
Case No : 2013 23195 CONS

DARREN NEESE                    -vs-         PORTFOLIO RECOVERY ASSOCIATES LLC
**Plaintiff(s),**                                      **Defendant(s).**

### SUMMONS AND NOTICE TO APPEAR FOR PRETRIAL CONFERENCE
NOTICE TO PLAINTIFR(S) AND DEFENDANT(S)

**THE STATE OF FLORIDA - TO EACH SHERIFF OF THE STATE**: YOU ARE HEREBY COMMANDED to serve this summons and a copy of the claim/complaint in the above styled cause upon:
**PORTFOLIO RECOVERY ASSOCIATES LLC, 120 CORPORATE BOULEVARD, NORFOLK, VA 32301-2525**

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney for a PRETRIAL CONFERENCE on December 20, 2013 at 8:30 AM before a Judge of this court at: COURTROOM 1, VOLUSIA COUNTY COURTHOUSE ANNEX, 124 N. RIVERSIDE DR., NEW SMYRNA BEACH FL

### *IMPORTANT - READ CAREFULLY*

*Note: It is the plaintiff's responsibility to check with the Clerk of the Court and/or the Sheriff's Department to ascertain if service has been made on the defendant. If defendant was not served, an Alias Summons with new address must be requested in writing. It will not be necessary to appear at the original scheduled pretrial conference. A new pretrial conference will be scheduled. If service has been made, the defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney for the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval. The case will not be tried at that time. Do not bring witnesses. Appear in person or by attorney.*

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized *in writing* by an officer of the corporation. Written authorization *must be brought to the Pretrial Conference.*

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

RIGHT TO VENUE: The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in any action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's attorney, if any.

**DATED : November 20, 2013**

fwd to Norfolk CSO w/indg for sop

**DIANE M. MATOUSEK
CLERK OF CIRCUIT/COUNTY COURT**

By : E Gray, Deputy Clerk

Copy to: DARREN NEESE, 3017 WILD PEPPER AVE, DELTONA, FL 32725

CL-0220-1103                    (See reverse side, which is part of this notice, for further instructions.)

**RECEIVED**

DEC - 2 2013

By General Counsel

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

DIANE M. MATOUSEK
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES** **If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**THESE ARE NOT COURT INFORMATION NUMBERS**

**SOLICITUD DE ADAPTACIONES PARA PERSONAS CON DISCAPACIDADES**
**Si usted es una persona con discapacidad que necesita una adaptación para poder participar en este procedimiento, usted tiene el derecho a que se le proporcione cierta asistencia, sin incurrir en gastos. Comuníquese con la Oficina de Administración Judicial (Court Administration), 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, con no menos de 7 días de antelación de su cita de comparecencia ante el juez, o de inmediato al recibir esta notificación si la cita de comparecencia está dentro de un plazo menos de 7 días; si usted tiene una discapacidad del habla o del oído, llame al 711.**

**ESTOS NUMEROS TELEFONICOS NO SON PARA OBTENER INFORMACION JUDICIAL**

Darren Neese
3017 Wild Pepper Ave.
Deltona, FL 32725
(407) 733-4195
darren@neese.name

IN THE COUNTY COURT, CIVIL DIVISION

IN AND FOR VOLUSIA COUNTY, FLORIDA

Darren Neese,                    )
                                 )
        PLAINTIFF,               )    Case No. 2013 23145 CONS
                                 )            DIV 78
v.                               )
                                 )
PORTFOLIO RECOVERY               )
    ASSOCIATES LLC,              )    COMPLAINT
                                 )
        DEFENDANT                )
                                 )
_____)


### VERIFIED COMPLAINT

Plaintiff, Darren Neese, sues Defendant, PORTFOLIO RECOVERY

ASSOCIATES LLC, and for his complaint alleges:

Page 1 of 18

## TABLE OF CONTENTS

VERIFIED COMPLAINT ................................................1

I. INTRODUCTION ..................................................3

II. PRELIMINARY STATEMENT .......................................3

III. PARTIES ....................................................4

IV. JURISDICTION AND VENUE ......................................6

V. FACTUAL ALLEGATIONS .........................................7

VI. COUNT I: TCPA VIOLATION ....................................9

VII. COUNT II: TCPA VIOLATION .................................10

VIII. COUNT III: FCCPA VIOLATION ..............................11

IX. COUNT IV: FCCPA VIOLATION .................................11

X. COUNT V: FDCPA VIOLATION ...................................12

XI. COUNT VI: FDCPA VIOLATION .................................13

XII. COUNT VII: FDCPA VIOLATION ...............................13

WHEREFORE ......................................................14

VERIFICATION OF COMPLAINT AND CERTIFICATION ....................16

EXHIBIT A: .....................................................18

# I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations.

2.  Plaintiff, Darren Neese, individually, hereby sues Defendant, PORTFOLIO RECOVERY ASSOCIATES LLC for violations of the following laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt:

    - Telephone Consumer Protection Act ("TCPA") **47 USC §227**

    - Fair Debt Collection Practices Act ("FDCPA") **15 USC §1692**

    - Florida Consumer Collection Practices Act ("FCCPA"), **fla. stat. §559.**

3.  The offenses outlined in this complaint are not the Defendant's first attempt(s) to illegally collect this alleged debt from Plaintiff.

# II.  PRELIMINARY STATEMENT

4.  This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the following:

    - TCPA  **47 USC**  **§227(b)(1)(A)**

Page 3 of 18

1       - TCPA    **47 USC**     §227(b)(1)(A)(iii)

2       - FCCPA   **fla. stat.** §559.72(7)

3       - FCCPA   **fla. stat.** §559.72(9)

4       - FDCPA   **15 USC**     §1692d

5       - FDCPA   **15 USC**     §1692e(2)

6       - FDCPA   **15 USC**     §1692f(1)

7   5.   Plaintiff contends that the Defendant has violated such laws

8        by repeatedly harassing Plaintiff over an extended period of

9        time in attempts to collect alleged but nonexistent debt.

10  6.   Upon belief and information, Plaintiff contends that many of

11       these practices are widespread and common actions of the

12       Defendant.  Plaintiff intends to propound discovery to

13       Defendant in order to identify these other individuals who

14       have suffered similar violations.

15

16                           **III. PARTIES**

17  7.   The Plaintiff, Darren Neese ("Plaintiff"), is an adult

18       individual residing in Deltona, Florida, in the county of

19       Volusia.

Page 4 of 18

8.   The Plaintiff, Darren Neese ("Plaintiff"), is a "'consumer'…
     allegedly obligated to pay…" as described by **fla. stat. §
     559.55 (2)**[1].

9.   The Plaintiff, Darren Neese ("Plaintiff"), is a "consumer"
     as that term is defined by **15 U.S.C. § 1692a(3)**[2].

10.  The Defendant, Portfolio Recovery Associates, L.L.C.
     ("Defendant"), is a business entity with an address of 120
     Corporate Boulevard, Norfolk, Virginia, 32301-2525,
     operating as a collection agency, and is an "Out-of-state
     consumer debt collector" as defined by **fla. stat. § 559.55
     (8)**[3], authorized to do business in Florida with a registered
     agent in Florida who is CORPORATION SERVICE COMPANY, 1201
     HAYS STREET, TALLAHASSEE, FL 32301-2525.

11.  Defendant is a bad debt buyer that buys up large portfolios
     of delinquent consumer debts for pennies on the dollar,

---

[1] **fla. stat. § 559.55 (2)** "Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt.
[2] **15 U.S.C. § 1692a(3)** The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.
[3] **fla. stat. § 559.55 (8)** "Out-of-state consumer debt collector" means any person whose business activities in this state involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state and soliciting consumer debt accounts for collection from creditors who have a business presence in this state. For purposes of this subsection, a creditor has a business presence in this state if either the creditor or an affiliate or a subsidiary of the creditor has an office in this state.

1    which it then seeks to collect upon directly, or through

2    other debt collectors.[4]

3

4    ## IV. JURISDICTION AND VENUE

5    12. This Court has jurisdiction to grant relief pursuant to **Fla.**

6    **Stat. § 34.01(2)[5]**, and **Fla.Sm.Cl.R. 7.010(b)[6]** in that this is

7    an action for damages less than $5,000.00 exclusive of

8    interest, fees, and costs, and only legal relief is sought.

9    13. Venue is proper in Volusia County, Florida, pursuant to **Fla.**

10   **Stat. § 47.011[7], § 47.051[8]**, and **§ 48.193(1)(a)[9]** because the

---

[4] **Defendant's own web site (as of 11/08/13):**
[text unclear] ... "Our core business is the direct purchase of portfolios containing defaulted consumer accounts, charged off from leading U.S. creditors. Portfolio Recovery Associates, LLC (PRA LLC) maintains strong, long-term client relationships with these credit originators."

[5] **Fla. Stat. § 34.01(2)** The county courts shall have jurisdiction previously exercised by county judges' courts, and the jurisdiction previously exercised by county courts, the claims court, small claims courts, small claims magistrates courts, magistrates courts, justice of the peace courts, municipal courts, and courts of chartered counties.

[6] **Fla.Sm.Cl.R. 7.010(b) Scope.** These rules are applicable to all actions at law of a civil nature in the county courts at which the demand or value of property involved does not exceed $5,000 exclusive of costs, interest, and attorneys' fees. If there is a difference between the time period prescribed by these rules and by section 51.011, Florida Statutes, the statutory provision shall govern.

[7] **Fla. Stat. § 47.011 Where actions may be begun.**—Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.

[8] **Fla. Stat. § 47.051 Actions against corporations.**—Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.

[9] **Fla. Stat. § 48.193 Acts subjecting person to jurisdiction of courts of state.**
**(1)(a)** A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts: 1. Operating,

1    causes of action accrued in that county. Defendant engages

2    in business within this state, to wit debt collection, and

3    its business within this state gave rise to the causes of

4    action asserted herein.

5    14.  This Court has jurisdiction over Defendant pursuant to **Fla.**

6    **Stat. § 48.193(1)(a)6** because Defendant caused injury to a

7    person within this state, to wit, Plaintiff, while it was

8    engaged in service activities, to wit, debt collection,

9    within this state.

10

11              **V. FACTUAL ALLEGATIONS**

12   15.  Plaintiff has no prior or present established relationship

13        with the Defendant.

14   16.  Plaintiff has never given Defendant his cell phone number.

15   17.  Plaintiff has never given Defendant express permission to

16        call Plaintiff's cellular phone.

---

conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

[6] **Fla. Stat. § 48.193(1)(a)6.** Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: a. The defendant was engaged in solicitation or service activities within this state; or b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

18. Plaintiff has no contractual obligation to pay Defendant.

19. Defendant claims, in a response to a request for validation from the Plaintiff, that the Plaintiff original owed CAPITAL ONE BANK N.A. ("Capital One") a debt that allegedly was opened on 06/20/2002, which was then later sold, assigned, and transferred by Capital One on or about 07/28/2011 to the Defendant.

20. The communication(s) in question here are all related to the collection of a non-existent or alleged consumer debt.

21. The acts alleged herein all took place in Volusia County, in that the offending call was received there.

22. On or about October 15th, 2013, 7:27 PM, Defendant called Plaintiff's cell phone. See EXIBIT A: Photo of Plaintiff's phone (407-733-4195) showing defendant line called (412-235-6111) at, on, or about this time, from which the following counts of violations, or a single instance thereof arises from.

23. This is not the first time the Defendant has attempted to enforce and collect a non-existent or alleged debt from Plaintiff. This behavior from Defendant has been ongoing for approximately, or more than, two years to the Plaintiff.

## VI. COUNT I: TCPA VIOLATION

### 47 USC §227(b)(1)(A)(iii)

24.  Plaintiff incorporates by reference all of the above
     paragraphs of this Complaint as though fully stated herein.

25.  Defendant has demonstrated willful or knowing non-compliance
     with **47 U.S.C. §227(b)(1)(A)(iii)** by using an automatic
     telephone dialing system to call the Plaintiff's number,
     which is assigned to a cellular telephone service, without
     prior expressed consent.

26.  Defendant has demonstrated willful or knowing non-compliance
     with **47 U.S.C. §227(b)(1)(A)(iii)** not only in repeated
     calling Plaintiff over any 12-month period, but they are "a
     financial and business services company, is a leader in the
     U.S. consumer debt buying industry"[12] and thus would know
     their business quite well and the implications of such a
     common and wide spread practices. Defendant is one of the

---

[11] **47 U.S.C. §227(b)(1)(A)(iii)** which states in part: **(1)** PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
[12] **Defendant's own web site (as of 11/08/13):** http://www.pratcollect.com/about-us/ "Portfolio Recovery Associates, Inc. (Nasdaq: PRAA), a financial and business services company, is a leader in the U.S. consumer debt buying industry."

1    "nation's largest debt buyers" as displayed on their own web

2    site. [12]

3

4                **VII. COUNT II: TCPA VIOLATION**

5                   **47 USC §227(b)(2)(5)**

6    27.  Plaintiff incorporates by reference all of the above

7         paragraphs of this Complaint as though fully stated herein.

8    28.  Plaintiff, by action of Defendant, has received more than

9         one telephone call within any 12-month period by or on

10        behalf of the Defendant, thus Plaintiff is entitled to

11        damages of $1500 per violation pursuant to **47 U.S.C.**

12        **§227(b)(3)**. [13]

13

---

[12] **Defendant's own web site (as of 11/08/13):**
... Norfolk company that is one of the nation's largest debt buyers with a small debt collector that employs about 10 workers in upstate New York? Source: The Virginian-Pilot, Norfolk, VA."
[13] **47 U.S.C. §227(b)(3) Private right of action** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or **(C)** both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

Page 10 of 18

## VIII. COUNT III: FCCPA VIOLATION

### Fla. Stat. §559.72(9)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated §559.72(9)[15] by claim, attempt, or threatening to enforce a debt when such a person knows that the debt in not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

## IX. COUNT IV: FCCPA VIOLATION

### Fla. Stat. §559.72(7)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant has violated **Fla. Stat. §559.72(7)**[16] by willfully engaging in conduct which can reasonably be expected to

---

[15] **Fla. Stat. §559.72(9)** Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

[16] **Fla. Stat. §559.72(7)** Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

1    abuse or harass the alleged debtor or any member of his

2    family.

3

4                **X. COUNT V: FDCPA VIOLATION**

5                     **15 USC §1692d**

6  33.  Plaintiff incorporates by reference all of the above

7       paragraphs of this Complaint as though fully stated herein.

8  34.  Defendant violated §1692d[17] of the FDCPA by engaging in

9       conduct the natural consequence of which is to harass,

10      oppress, or abuse the Plaintiff.

11  35.  Defendant violated §1692d(5)[18] of the FDCPA by causing a

12      telephone to ring repeatedly and continuously with the

13      intent to annoy, abuse, and harass Plaintiff to the point

14      that he is willing to pay the alleged debt.

15

16

---

[17] **15 USC §1692d** A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

[18] **15 USC §1692d(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Page 12 of 18

1

## XI. COUNT VI: FDCPA VIOLATION

2

## 15 USC §1692e(2)

3   36.  Plaintiff incorporates by reference all of the above

4        paragraphs of this Complaint as though fully stated herein.

5   37.  Defendant used false or misleading premise, character, or

6        legal status in an attempt to collect on an alleged debt and

7        thus violated 15 USC §1692e(2)[19].

8

9

## XII. COUNT VII: FDCPA VIOLATION

10

## 15 USC §1692f(1)

11  38.  Plaintiff incorporates by reference all of the above

12       paragraphs of this Complaint as though fully stated herein.

13  39.  Defendant attempted to collect an amount not authorized by

14       the agreement creating the debt or permitted by law and thus

15       violated 15 USC §1692f(1)[20].

---

[19] **15 USC §1692e(2)** The false representation of— (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

[20] **15 USC §1692e(2)** A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Page 13 of 18

1

2    **WHEREFORE**, based on facts set forth in the above counts,

3    Plaintiff demands:

4    **(a)**   **TCPA** statutory damages of $1,500.00, payable by Defendant,

5          pursuant to **47 U.S.C. §227(b)(3)**[21], and ...

6    **(b)**   **FCCPA** statutory damages of $1,000.00, payable by Defendant,

7          pursuant to **Fla. Stat. § 559.77(2)**[22], and ...

8    **(c)**   fees and costs pursuant to **Fla. Stat. § 559.77(2)**, and ...

9    **(d)**   **FDCPA** statutory damages of $1,000.00, payable by Defendant,

10         pursuant to **15 USC §1692k(a)**[23], and ...

11   **(e)**   such other relief as may be just.

12

---

[21] **47 U.S.C. §227(b)(3)** If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

[22] **Fla. Stat. § 559.77(2)** Upon adverse adjudication, the defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional. In any class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages not to exceed the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members, but in no event may this aggregate award provide an individual class member with additional statutory damages in excess of $1,000. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff shall be liable for court costs and reasonable attorney's fees incurred by the defendant.

[23] **15 USC §1692k(a) Amount of damages** Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of— (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

1
2   Respectfully submitted this _____ day of November, 2013.
3
4
5
6   _____
7   Darren Neese
8   3017 Wild Pepper Ave.
9   Deltona, FL 32725
10  (407) 733-4195
11  darrenneese.name
12
13
14
15
16
17

1  **VERIFICATION OF COMPLAINT AND CERTIFICATION**

2  **BY PLAINTIFF Darren Neese**

3

| | |
|---|---|
| 4  Darren Neese, | ) |
| 5 | ) |
| 6        PLAINTIFF, | )   Case No.: _____ |
| 7 | ) |
| 8  v. | ) |
| 9 | ) |
| 10  PORTFOLIO RECOVERY | ) |
| 11     ASSOCIATES LLC, | )   **VERIFIED COMPLAINT** |
| 12 | ) |
| 13     DEFENDANT | ) |
| 14 | ) |
| 15 | ) |

16

17      Plaintiff, Darren Neese, having first been duly sworn and upon

18  oath, deposes and says as follows:

19  1.   I am a Plaintiff in this civil proceeding.

20  2.   I have read the above-entitled civil Complaint carefully

21      prepared by myself and I believe that all of the facts contained

22      in it are true, to the best of my knowledge, information and

23      belief formed after reasonable inquiry.

24  3.   I believe that this civil Complaint is well grounded in fact

25      and warranted by existing law or by a good faith argument for

26      the extension, modification, or reversal of existing law.

Page 16 of 18

4.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

5.  Each and every exhibit I have provided, which has been attached to this Complaint, is a true and correct copy of the original.

6.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____          11-8-13
Darren Neese                                Date


Subscribed and sworn to before me this 8 th day of November, 2013.


_____ Notary Public

CAROLYN J. MADDOX
MY COMMISSION # EE 145341
EXPIRES: January 3, 2016
Bonded Thru Budget Notary Services

Page 17 of 18

1    **EXIBIT A:** Photo of Plaintiff's phone (407-733-4195) showing

2    defendant line called (412-235-6111):



3

4

5

6